IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM N. LUCY,                            :

    Plaintiff,                          :

vs.                                         :    CIVIL ACTION 13-141-CG-M

ALABAMA DEPARTMENT OF REVENUE,              :
*et al.*,
                                            :
    Defendants.

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint pursuant to 18 U.S.C. §§ 1341 and 1513, together with a Motion to Proceed Without Prepayment of Fees.[1]  (Docs. 1,

---

[1] Plaintiff has filed several actions in this Court, the United States District Court for the Middle District of Alabama, the United States Bankruptcy Court for the Southern District of Alabama, and Alabama state courts as evidenced by actions removed to this Court's docket. Some of the actions and appeals that he filed while an inmate were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), thereby making any future inmate action filed by him subject to treatment under 28 U.S.C. § 1915(g) as it will be filed by a "three-striker."  *Lucy v. Mosley,* CA 00-01283-MHT-SRW (M.D. Ala.) (§ 1915(e)(2)(B)(i-iii)), *appeal dismissed* (11th Cir. Aug. 3, 2001) (frivolous); *Lucy v. Heritage Import, Inc.,* CA 01-0231-MHT-SRW (M.D. Ala. Mar. 1, 2001) (§ 1915(e)(2)(B)(i-iii)).  He also has had actions dismissed for lack of subject matter jurisdiction.  *Lucy v. Clarke County, Ala.,* CA 99-0664-CB-M (S.D. Ala.) (paid filing fee), *appeal dismissed* (11th Cir. Dec. 13, 2000) (frivolous); *Lucy v. Star Imports,* CA 10-0382-CG-M (S.D. Ala. Oct. 29, 2010) (paid filing fee).

3).  Plaintiff's Motion to Proceed Without Prepayment of Fees was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), which provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.

In another action, *Lucy v. King,* CA 08-0415-WS-C (S.D. Ala. Sept. 23, 2008), Plaintiff was denied *in forma pauperis* status upon recommendation by the Magistrate Judge who found that Plaintiff had the resources to obtain the necessary funds to pay the filing fee and still be provided with the necessities of life.  (Doc. 8).  The action was dismissed for failure to pay the filing fee.  (Doc. 15).  Subsequently, Plaintiff re-filed against the same defendants, *Lucy v. Walter Mortgage Co.,* CA 09-0167-KD-M (S.D. Ala. Oct. 14, 2009), apparently paying the filing fee but only to suffer his action's dismissal for lack of subject matter jurisdiction, as the Court did not have jurisdiction over Plaintiff's collateral attack of a Mobile County Circuit Court's judgment arising from the foreclosure of Plaintiff's Super Street property or over a claims arising from the ejectment of Plaintiff's tenant.  (Doc. 14).

Then, in *Lucy v. Hudson & Marshall Auctioneers, Inc.,* CA 04—241-CG-D (S.D. Ala. July 7, 2004), Freddie Mac removed a state-court action filed by Plaintiff to this Court.  (Doc. 1).  Plaintiff had filed the action because at auction he was not allowed to complete his purchase of the property at 32 First Avenue, Saraland, Alabama.  (Doc. 1-3, at 2).  The federal action was dismissed with prejudice for Plaintiff's failure to participate in the action's litigation.  (Doc. 33).

Plaintiff's litigation history is not limited to the foregoing actions as PACER (Public Access to Court Electronic Record) reflects that Plaintiff has filed more actions than these.  But the foregoing actions appear more relevant to this action and bear on Plaintiff's experience in litigating actions for himself through the years.  And they show that he was aware of the necessity of pleading the existence of the Court's subject matter jurisdiction in a complaint.

2

In considering Plaintiff's Motion, the Magistrate Judge is required to screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[2]  And after screening Plaintiff's action, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

I.  <u>Complaint</u>.  (Doc. 1).

Plaintiff commenced this action by filing a very brief Complaint that identified the Court's jurisdictional bases over his action as 18 U.S.C. §§ 1341[3] and 1513.[4]  (Doc. 1 at

---

[2]  Section 1915(e)(2)(B) provides:

> (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)  the allegation of poverty is untrue; or
>     (B)  the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

[3]  Generally, § 1341, "[t]he mail fraud statute[,] prohibits use of the mails in furtherance of any scheme or artifice to defraud. . . . [T]he words to defraud commonly refer to wronging one in his property rights by dishonest methods or schemes, and usually signify the deprivation of something of value by trick, deceit, chicane or overreaching." *United States v. Svete*, 556 F.3d 1157, 1161-63 (11th Cir. 2009) (citations and quotation marks omitted).  The statute provides that a violation of it will result in imprisonment and/or the imposition of a

3

2-3). He named as Defendants State of Alabama Department of Revenue ("Revenue Department"); Julie Magee, Revenue Commissioner; Don Davis, Mobile County Probate Judge; and Mark Erwin, Chief of Staff for Judge Davis. (*Id.* at 2). Plaintiff alleges that Defendants "conspired" to use the United States mail to "transmit fr[au]dulent income tax l[ie]n papers in an attempt to defr[au]d plaintiff out of his real property and harm plaintiff's name and his ability to secure loans, by filing a(n) estimated income tax l[ie]n on plaintiff in retaliation for his filing commercial l[ie]n on Mobile County Circuit Clerk." (*Id.* at 1). On or about February 19, 2013, a notice was placed in the United States mail and sent to Plaintiff advising him that an income tax lien was being placed on his real property and a subsequent seizure was planned. (*Id.* at 2). Plaintiff alleges that Defendant Magee, with the assistance of Defendants Davis and Erwin, directed that the notice be

---

fine.  18 U.S.C. § 1341.  The statute does not provide monetary damages for its violation.

[4] Section 1513 criminalizes "retaliating against a witness, victim, or an informant" for participating in official proceedings or providing information to a law enforcement officer about a federal offense or a violation of a condition of one of the forms of conditional release of incarceration. *See United States v. Veal*, 153 F.3d 1233, 1246 (11th Cir. 1998). The statute provides that a violation of it will result in imprisonment and/or the imposition of a fine.  18 U.S.C. § 1513. The statute does not provide monetary damages for its violation.

sent to him.  (*Id.*).  This notice was sent even though "the State of Alabama and Mobile County Probate Court had been notified that the income tax debt was not a legal debt because the tax year (2009) income tax had not been filed yet because all information for rental property owned by plaintiff had not been compiled by plaintiff's bookkeeper." (*Id.*).  In particular, the rental deductions had not been compiled.  (*Id.* at 3).  Plaintiff contends that these actions are a violation of 18 U.S.C. § 1341, for which a $200,000,000.00 judgment is demanded.  (*Id.* at 2).

Moreover, Plaintiff maintains that the filing of the income tax lien for the year in which he had not filed his income tax was done in retaliation because he had previously filed a commercial lien on the Mobile County Circuit Clerk.  (*Id.* at 3).  The retaliation for filing a judgment on the Mobile County Circuit Clerk continued when "the Probate Court refused to file [his] notice of appeal and refuse[d] to process a petition from the plaintiff d[i]sputing the tax amount owed[,]" in violation of 18 U.S.C. § 1513, and for which Plaintiff seeks $50,000,000.00.[5]  (*Id.*).

---

[5]     Due to the brevity of the Complaint, the Court is not able to discern the exact nature of Plaintiff's claims in order to determine the specific state laws that are implicated by Plaintiff's claims.  However, the Court

II. Analysis.

    A.  Authority to Dismiss for Lack of Jurisdiction.

In screening Plaintiff's Complaint, the Court's first consideration is to inquire into its jurisdiction, *United States v. Denedo*, 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), as its jurisdiction is limited by the Constitution or Congress to hear only certain actions. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d

---

generally examined Alabama law and found that it provides a process for disputing a tax or tax lien.  *See* ALA. CODE § 40-2A-1, *et seq.* (e.g., § 40-2A-7, Uniform Revenue Procedures, § 40-2A-9, Procedures Governing Appeals to the Administrative Law Division; Authority of Administrative Law Judge).  It also provides for jeopardy assessments. *See* ALA. CODE § 40-29-90 (Jeopardy Assessment -- For Income Tax), § 40-29-91(Jeopardy Assessment – Other Taxes).

6

405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

B.  <u>Lack of Federal Question Jurisdiction</u>.

Federal jurisdiction is generally based on diversity of citizenship jurisdiction or federal question jurisdiction. Plaintiff did not specify either basis, however. Diversity of citizenship jurisdiction requires that the action be "between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). A "plaintiff must be diverse from the citizenship of every defendant." <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). Here, it does not appear that Plaintiff is diverse from even one Defendant. *See Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (ruling diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

Inasmuch as diversity of citizenship jurisdiction does not exist, and due to Plaintiff identifying two federal statutes, albeit criminal statutes, as the bases for the Court's jurisdiction, the Court will analyze whether it has federal question jurisdiction over this action. *See* 28

7

U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 341 (5th Cir.) (a federal claim "must be more than frivolous to support federal question jurisdiction" and can satisfy this threshold only if "there is any foundation of plausibility to the claim") (quotation omitted),[6] *cert. denied*, 436 U.S. 946 (1978). "A federal claim will be deemed without any legal merit if the claim has no plausible foundation, or [if] the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Barnett v. Bailey*, 956 F.2d 1036, 1041 (11th Cir. 1992) (citations and quotation marks omitted, and bracket in original). When a "federal claim is so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy[,]"

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981.

dismissal for lack of subject-matter jurisdiction is proper. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974)).

Turning to Plaintiff's Complaint, the statutes cited by Plaintiff for conferring jurisdiction over this action are found among the criminal statutes in the United States Code. To enforce criminal laws, the Attorney General and the United States Attorneys are given "broad discretion." *United States v. Armstrong,* 517 U.S. 456, 464, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1995) (citations omitted). The Supreme Court therefore has "been quite reluctant to infer a private right of action from a criminal prohibition alone. . . ." *Central Bank of Denver, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). And this is the situation with the criminal statute 18 U.S.C. § 1341. *See Bell v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir. 1977) (finding that no implied private right of action exists under § 1341); *Muhammad v. Bethel-Muhammad,* CA No. 11-0690-WS-B, 2012 WL 1854315, at *7 n.9 (S.D. Ala. May 21, 2012) (collecting cases from other circuits that found no private cause of

action exists under § 1341). Following this Circuit's precedence, the Court finds that Plaintiff does not have a private cause of action under 18 U.S.C. § 1341.

The other statute cited by Plaintiff, 18 U.S.C. § 1513, is also a criminal statute. Likewise, there is not private cause of action under this statute. *Manley v. King,* No. 3:12-CV-89(CDL), 2012 WL 3202915, at *2 (M.D. Ga. Aug. 3, 2012) (finding no private of cause of action under § 1513 which criminalizes "retaliation against a witness, victim or informant in the form of killing, attempting to kill, causing or threatening bodily injury, or damaging or threatening to damage the property of a witness, victim or informant"); *see also Feldman v. Law Enforcement Assocs. Corp.,* 779 F. Supp.2d 472, 497 (E.D.N.C. 2011) (collecting cases that found the criminal statute, 18 U.S.C. § 1513, did not create a private cause of action). Thus, the Court finds that Plaintiff does not have a private cause of action under 18 U.S.C. §1513.

Inasmuch as Plaintiff cannot proceed under these sections as a private individual, his action is frivolous and is so insubstantial that it does not invoke this Court's subject matter jurisdiction.

III. Conclusion.

10

"[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison,* 228 F.3d at 1261. Accordingly, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction. *Crotwell v. Hockman-Lewis Ltd.,* 734 F.2d 767, 769 (11th Cir. 1984) (holding that the district court's dismissal should have been without prejudice "[s]ince the court lacked subject matter jurisdiction over the action").

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten

11

days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   *Transcript (applicable where proceedings tape recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 30th day of May, 2013.

                             s/ BERT W. MILLING, JR.
                             UNITED STATES MAGISTRATE JUDGE

---

[7]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).